## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANICQUA SUBER-APONTE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-4866** |
| | : | |
| **MATTHEW COPLEY, *et al*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**BEETLESTONE, J.**                                          **NOVEMBER 13, 2018**

*Pro se* Plaintiff Shanicqua Suber-Aponte brings this civil action against Matthew Copley, Vincent Hope, Kenneth Schumann, Kathleen Schumann, Keith Costello, Christa Costello, Carson Valley Children's Aid, John Savoth, McCright and Associates, and the Borough of Pottstown. (ECF No. 2.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Suber-Aponte leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

### I.     FACTS

Suber-Aponte alleges that she moved into a residence in Pottstown in June of 2017. (Compl. at 9.)[1] In July of 2017, she reported a leaking roof "to landlord and L&I." (*Id.*) She learned that the property had not been inspected before she moved in. (*Id.*) An inspection was done in August of 2017 and the property failed. (*Id.*) Suber-Aponte suggests that the landlord then moved to have her evicted, and that at the hearing before a magistrate the landlord "and employees at [C]arson [V]alley lied" to obtain a verdict in the landlord's favor. (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Suber-Aponte subsequently moved to another residence in December of 2017. (*Id.*) She found that the kitchen sink leaked and that the house had a foul smell. (*Id.*) Suber-Aponte vaguely states that "Carson [V]alley retaliate[ed] and removed from program." (*Id.*) She complained to the landlord and I.&I about "smell and animal in drop ceiling." (*Id.*) She also had to make her own repairs to the property. (*Id.*)

According to Suber-Aponte, the landlord then told her that she had been a "problem since January 2018 with complaining." (*Id.*) The landlord filed for an eviction hearing. (*Id.*) There were "[c]omplaints to John Savoth." (*Id.*) Suber-Aponte also complained about raw sewage "continuously leak[ing] in [the] basement." (*Id.*) In June of 2018, she passed out "from fumes/carbon monoxide detector repeatedly activated." (*Id.*) Suber-Aponte complained to the borough manager, council members, and mayor. (*Id.*) She alleges that the landlord "hindered due process at common pleas court." (*Id.*)

Suber-Aponte alleges that because of the events set forth above, she has suffered a broken toe, a head injury, and increased blood pressure. (*Id.* at 7.) She asserts that she is raising claims for violations of her Fourteenth Amendment due process rights, civil rights discrimination, slander, defamation, libel, retaliation, negligence, and the implied warranty of habitability. (*Id.* at 4, 10.) As relief, Suber-Aponte seeks damages as well as for the Court to "reverse decision of Carson Valley that is funded federal funds reinstate to program." (*Id.* at 7.)

## II.    STANDARD OF REVIEW

The Court will grant Suber-Aponte leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) require the Courts to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Suber-Aponte is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure

As an initial matter, Suber-Aponte's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Complaint does not "provide enough information to put [the Defendants] on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Id.* Suber-Aponte fails to even mention many of the named Defendants in the body of the Complaint, therefore making it unclear as to why she

believes these Defendants are liable to her. It is not enough for Suber-Aponte to allege

constitutional violations as well as violations of state law. Instead, Suber-Aponte must provide

sufficient detail about what happened, who did what, and why she believes her due process rights

were violated and why she was discriminated against. While the Complaint could be dismissed

on this basis alone, the Court has done its best to understand Suber-Aponte's allegations and will

address her claims below.

## B.    Claims Pursuant to 42 U.S.C. § 1983

Suber-Aponte alleges that her due process rights under the Fourteenth Amendment have

been violated, and that she has been subjected to "civil rights discrimination." Accordingly, the

Court construes her Complaint as being brought pursuant to 42 U.S.C. § 1983. "To state a claim

under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below,

Suber-Aponte's Complaint fails to state a claim for relief at this time.

Suber-Aponte has named the Borough of Pottstown as a Defendant in this matter.

However, to state a claim pursuant to § 1983 against a municipality, a plaintiff must allege that

the defendant's policies or customs caused the alleged constitutional violation. *See Monell v.

Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*,

318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and

specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v.

City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, Suber-Aponte fails to suggest that a policy

or custom of the Borough of Pottstown caused the alleged violations of her rights. Accordingly,

Suber-Aponte cannot maintain her claims against the Borough of Pottstown.

4

With respect to the other Defendants, Suber-Aponte has not stated a claim pursuant to § 1983 against them at this time. As noted above, a plaintiff raising claims pursuant to § 1983 must show, *inter alia*, that the deprivations were caused by a person acting under color of state law. *See West*, 487 U.S. at 48. Whether a defendant is acting under color of state law-–i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, nothing in the Complaint suggests that the other Defendants are state actors or that they violated Suber-Aponte's due process rights. Accordingly, any § 1983 claims against them will be dismissed.

## C.    Claims Pursuant to State Law

Suber-Aponte's Complaint also raises claims pursuant to state law, such as for negligence and violations of the implied warranty of habitability, against the Defendants. Because the Court has dismissed Suber-Aponte's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case

5

in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, the Complaint suggests that all of the Defendants, as well as Suber-Aponte, are citizens of Pennsylvania. Thus, it appears that complete diversity does not exist. Accordingly, Suber-Aponte has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Suber-Aponte leave to proceed *in forma pauperis* and dismiss her Complaint. In light of Suber-Aponte's *pro se* status, this dismissal will be without prejudice to her right to file an amended complaint in the event she can clarify his claims and cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

**WENDY BEETLESTONE, J.**

6